BANCO DE PUERTO RICO, ETC., Plaintiff and Appellee, v. JUAN BAUTISTA ARGUINZONI ET AL., Defendants and Appellants.

No. 7243. Decided July 28, 1938.

M. Guzmán Texidor for appellants. C. Domínguez Rubio for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

We are asked to reconsider the judgment rendered in this case and it is claimed that this court decided the same on a question which was not raised by the defendants in their answer.

If that were so, the plaintiff would be right. But there are present certain circumstances which enable us to conclude that said question was necessarily involved in the pleadings and evidence in the case and was argued by the parties.

The opinion which served as a basis for that judgment speaks for itself (ante, p. 159). The facts therein recited appear in the record, and the legal conclusion reached, that is, that the plaintiff's claim had become extinguished by its own acts, is deduced from the facts and the law.

There is involved the collection of a promissory note. The defendants in their answer alleged that the obligation sued on had become extinguished by novation and payment.

The novation consisted in the execution of a new mortgage note by one of the debtors which was given in pledge to the creditor who proceeded to sell the same before a notary, and thereafter became the owner thereof. We said that its execution did not by itself constitute a novation but only an additional security. However, upon consideration of the facts as alleged and proved, that is, the sale before a notary of said new note given in pledge to the creditor which culminated in the acquisition of the pledge by the creditor, we concluded that such sale carried with it the obligation on the part of the creditor to give a discharge for the full amount of its credit, which implied the extinction of the indebtedness of the defendants to the plaintiff.

This question was dealt with in the three assignments of error submitted by the appellant. It was suggested under the first two assignments and fully argued under the third, thus:

"From the evidence introduced and the findings of the district court it conclusively appears that the above-mentioned mortgage note for $12,350 was given as a pledge to the Banco Comercial de Puerto Rico to secure the payment of several obligations of Juan Bautista Arguinzoni and others in which Arguinzoni appeared as solidary debtor, said obligations including the promissory note for $1,033.34 sued on herein.

"It further appears that the pledge was sold in a proceeding before notary Celestino Domínguez Rubio.

"It appears from said proceeding that as no bidders had appeared the mortgage note for $12,350 was sold to the Banco de Puerto Rico, as liquidator of the Banco Comercial de Puerto Rico. It should be borne in mind that this mortgage note secured several obligations including the note for $1,033.34.

"In other words, as there were no bidders at the auction sale of the mortgage note, the creditor became the owner of the pledge. Let us see the situation of pledgeor and pledgee in such circumstances. Section 1771 of the Civil Code, 1930 ed., reads as follows:

" 'A creditor to whom the debt has not been paid at the proper time may proceed, before a notary, to alienate the pledge. This alienation must necessarily take place at public auction, and with the citation of the debtor and the owner of the pledge, in a proper case. If the pledge should not have been alienated at the first auction, a second one, with the same formalities, may be held; and should no result be attained, the creditor may become the owner of the pledge. In such case he shall be obliged to give a discharge for the full amount of his credit.'

"If the creditor became the owner of the mortgage note by operation of law, it is obliged to give a' discharge to the debtor for the full amount of its credit. As the note for $1,033.34 was included in the debt secured by the pledge, it is clear and definite that the creditor was bound to give a discharge to the debtor for $1,033.34; and to adjudge the latter to pay a second time that sum is not only a gross error but an injustice as well."

The .appellee, which now refers to new questions in its motion for reconsideration, said nothing in this respect in its brief but went on to consider and impugn on its merits the brief of the appellants. Regarding the question which is now characterized as new, it says:

"The appellants in their argument under the last error assigned contend that, as the note given in pledge had been acquired by the Banco, this was equivalent to giving a discharge to the debtor.

"We do not agree with that contention. Section 1771 of the Civil Code, 1930 ed., cited in their brief, does not mean what the appellants claim. It says:

" '. . . . . If the pledge should not have been alienated at the first auction, a second one, with the same formalities, may he held; and should no result be attained, the creditor may become the owner of the pledge. In such case he shall be obliged to give a discharge for the full amount of his credit.'

"It is therefore a necessary requisite for the creditor to become obliged to give a discharge, that two auctions should be held. Is such the case now? It is not. The creditor bought the pledge with the money that it credited to the capital account represented by the note given as a pledge.

"Neither by its letter nor by its spirit does the section above transcribed say or mean to say that the creditor is barred from

bidding in the first auction, and in the absence of any provision of law preventing him from acquiring, he may bid in the first auction. We think that, even where a second auction takes place, the creditor is entitled either to become the owner of the pledge, that is, to appropriate it in satisfaction of the amount secured, or to buy it the same as any other bidder. It is only where he appropriates it to himself that he must give a discharge; and this is logical, since the appropriation of the pledge amounts to a *dation en paiement* of its claim and if he becomes the owner thereof in satisfaction of his claim, that is all he can collect.

"In the instant case, there was no appropriation of the pledge in settlement of the obligation secured thereby. There was only one auction and not two and the creditor was the purchaser. The defendants can not invoke said provision in order to set up that all their obligations are paid.

"But there is more. Conceding that the action of the Banco amounted to an acceptance of the pledge in payment of the obligations secured thereby, where is the discharge which the creditor is bound to give? Would the allegation be sufficient just as it is? Is there in the present case a cross complaint from the debtors, to warrant their claim to the discharge mentioned in the code?

"Could such a claim be determined in the present action, since the question has not been raised either by the plaintiff in its complaint or by the defendants by means of a cross-complaint? Could the court now pass upon the existence of the discharge?"

It was unnecessary to determine whether or not a discharge had been given. A showing of the facts which necessarily compelled the creditor to give such discharge was sufficient.

This court considered in its opinion the above-transcribed arguments of the plaintiff and appellee and held that they were without merit. So that it reached the conclusion set forth in its decision upon the allegations, the evidence, and the briefs of the interested parties.

It so happens that the construction given to novation by the defendants and appellants goes further than our conception as expressed in our former decision. We held that the mere execution of a new security was not a novation. If we understand them correctly, the appellants have gone fur-

ther in their conception of novation when they say that the former note, sued on herein, was novated and extinguished when the creditor finally became the owner of the subsequent note in the way it was done, by express provision of law. So that within the alleged novation the defendants from the beginning raised the said question, and therefore it can not be maintained that the ground on which this court rested its former judgment did not appear from the pleadings or the evidence.

The motion for reconsideration must be denied.

Mr. Justice De Jesús took no part in the decision of this case.